Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, New Jersey 07632
(P) 201.461.0059
(E) Matthew@Lupoverlaw.com

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLEY PINKHAM, | Case No.: |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| STELLAR RECOVERY INC. | JURY DEMAND |
| Defendant | |

Plaintiff, Kelley Pinkham, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant, Stellar Recovery Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## **PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Lynn, Massachusetts, 01902, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation doing business in the State of Massachusetts, with its corporate address as 1327 Highway 2W, Suite 100, Kalispell, Montana 59901, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## **FACTUAL STATEMENT**

6. On January 29, 2014 at 6:20 am, Plaintiff received a telephone call on her cell phone from Defendant from the phone number 857-362-8231.

7. On February 20, 2014 at 8:28 am, Plaintiff received a telephone call on her cell phone from Defendant from the phone number 857-362-8231.

8. On February 28, 2014 at 5:14 am, Plaintiff received a telephone call on her cell phone from Defendant from the phone number 877-936-5294.

9. On February 28, 2014 at 5:26 am, Plaintiff received a telephone call on her cell phone from Defendant from the phone number 857-362-8231.

10. Plaintiff never gave Defendant consent to call her at times before 8:00 am Eastern Standard Time.

11. Plaintiff does not have an account which has been placed for collection with Defendant and thus has no established business relationship.

12.     All telephone calls made to Plaintiff were from an automatic dialer with a pre-recorded message.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692c(a)(1)

13.     Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporates them as if set forth at length herein.

14.     Plaintiff received three telephone calls from Defendant before 8:00 am Eastern Standard Time, one on January 29, 2014 and two on February 28, 2014.

15.     Defendant's telephone calls are in violation of 15 U.S.C. § 1692c(a)(1), which prohibits contact to the consumer at inconvenient times and presumes telephone calls before 8:00 am, local time at the consumer's location, to be inconvenient absent knowledge to the contrary.

## COUNT II
## FOUR SEPARATE VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

16.     Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates them as if set forth at length herein.

17.     All four telephone calls to Plaintiff from Defendant were done utilizing an automated dialer with a pre-recorded message.

18.     Plaintiff does not have an established business relationship with Defendant as that term is defined by 47 U.S.C. § 227(a)(2).

19.     Defendant's actions constitute (4) separate willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

## **JURY TRIAL DEMAND**

19.     Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Kelley Pinkham, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a.      That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA and the TCPA;

b.      That judgment be entered against Defendant for (4) separate and distinct willful violations of 47 U.S.C. § 227b(1)(A)(iii);

c.      That judgment be entered against Defendant for statutory damages in the amount of Six Thousand Dollars ($6,000.00) for (4) separate and distinct willful violations of 47 U.S.C. § 227(b)(1)(A)(iii);

d.      That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e.      That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

f.      That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3):

g.      That the Court grant such other and further relief as may be just and proper.

Dated this 3rd day of July, 2014

                                        Respectfully Submitted,

                                        s/Daniel Goldsmith Ruggiero
                                        Daniel Goldsmith Ruggiero
                                        Attorney for Plaintiff

P.O. Box 291
Canton, Massachusetts 02021
Telephone: 339-237-0343
Fax: 201-608-7116
Email: druggieroesq@gmail.com

On Behalf of:
Law Offices of Michael Lupolover
180 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
201-461-0059
david@lupoloverlaw.com